IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESTELA GUADALUPE CARDENAS OLMOS, | § § § | |
| Plaintiff, | § § § | |
| VS. | § | Civil Action No. 3:22-CV-0077-D |
| | § | |
| DAVID B. GILES P.C. and DAVID B. GILES, JR., | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Estela Guadalupe Cardenas Olmos ("Olmos") moves under Fed. R. Civ. P. 37(a) to compel defendants David B. Giles, P.C., and David B. Giles, Jr., Esquire, to produce documents described in their Rule 26(a) initial disclosures. Olmos also requests that the court impose sanctions on defendants in the form of Olmos' attorney's fees and costs incurred in bringing the motion to compel. For the reasons that follow, the court denies the motion to compel discovery and the request for sanctions.[1]

I

The court assumes the parties' familiarity with its prior memorandum opinion and order in this case, *see Olmos v. David B. Giles P.C.*, 2022 WL 1289556, at *1 (N.D. Tex.

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Apr. 28, 2022) (Fitzwater, J.), and recounts the facts and procedural history only as necessary to understand this decision.

In April 2022 defendants served Olmos with their Rule 26(a) initial disclosures. Defendants stated in their initial disclosures that they had in their possession, custody, or control "[d]ocuments concerning Defendants' attorney-client relationship with Mr. Robert Shambora." Mot. to Compel (ECF No. 22, Ex. 1) at 2.[2] Olmos now moves to compel defendants to produce documents that are related to the existence of defendants' attorney-client relationship with Robert Shambora ("Shambora"). She contends, *inter alia*, that defendants are wrongfully withholding these documents as privileged when they have not met their burden of demonstrating either the existence of an attorney-client relationship or that the documents involve privileged communications or work product. Defendants oppose the motion, which the court is deciding on the briefs.

---

[2]The court is citing the record this way because Olmos did not submit an appendix and cite the appendix, as the local civil rules require. Under N.D. Tex. Civ. R. 7.1(i)(1), "[a] party who relies on materials—including depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials—to support or oppose a motion must include the materials in an appendix." Under Rule 7.2(e), "[i]f a party's motion or response is accompanied by an appendix, the party's brief must include citations to each page of the appendix that supports each assertion that the party makes concerning any documentary or non-documentary materials on which the party relies to support or oppose the motion." In support of her motion to compel discovery, Olmos should have included a copy of defendants' initial disclosures in an appendix and properly cited the appendix in her brief. Because this deficiency has not interfered with the decisional process of the court, however, the court has disregarded this procedural error in deciding Olmos' motion.

II

Under Rule 26(a)(1)(A)(ii), a party must provide to other parties "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 37(a)(3)(A) provides that, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."

Here, Olmos does not challenge the sufficiency of defendants' description of documents in their Rule 26(a) disclosures; rather, she maintains that defendants are required to produce the documents they describe in their initial disclosures, and she moves to compel their production. Olmos' position rests on a misreading of Rule 26(a)(1)(A)(ii).

Rule 26(a)(1)(A)(ii) "does not require production of documents but merely allows for production in lieu of a description." *Salinas v. O'Reilly Auto., Inc.*, 2005 WL 8158373, at *2 (N.D. Tex. Jan. 5, 2005) (Ramirez, J.) (denying motion to compel production of documents identified in defendant's initial disclosures); *see Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 589 (N.D. Tex. 2018) (Horan, J.) ("Rule 26(a)(1)(A)(ii) does not require a party to produce documents; the disclosing party has the option of producing a 'copy' of the identified documents or providing a 'description by category and location' of those documents."). Because Rule 26(a)(1)(A)(ii) does not require a party to produce documents— it allows a party the option either to produce documents or to provide a description of the documents by category and location, Olmos cannot compel defendants to produce the

documents in question, and her motion to compel must be denied.[3]

### III

Because the court denies Olmos' motion to compel, it also denies her request for sanctions.

\* \* \*

For the reasons explained, the court denies Olmos' motion to compel, and it also denies her request for sanctions in the form of attorney's fees and costs.

**SO ORDERED**.

June 9, 2022.

SIDNEY A. FITZWATER
SENIOR JUDGE

---

[3]In her reply brief, Olmos contends that defendants' response to her Rule 34 requests for production ("RFPs") is insufficient because defendants withheld documents based on privilege but failed to produce a privilege log detailing the documents being withheld. To the extent Olmos seeks to compel defendants to produce documents or a privilege log in response to her RFPs—which presents a question that is not now at issue— the court will not consider the request because Olmos has presented it for the first time in a reply brief. *See, e.g.*, *Jacobs v. Tapscott*, 2006 WL 2728827, at \*7 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) (citing *Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (Fitzwater, J.)), *aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008). The court expresses no view regarding whether Olmos may be entitled to compel defendants to produce certain documents in response to her RFPs.