IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESTELA GUADALUPE CARDENAS OLMOS, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | Civil Action No. 3:22-CV-0077-D |
| DAVID B. GILES P.C. and DAVID B. GILES, JR., | § § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Estela Guadalupe Cardenas Olmos ("Olmos") moves under Fed. R. Civ. P. 37(a) to compel the production of documents and answers to deposition questions that defendants David B. Giles, P.C. ("Giles P.C.") and David B. Giles, Jr., Esquire ("Giles") (collectively, defendants unless context indicates otherwise) have withheld on the basis of attorney-client privilege. Olmos also requests that the court impose sanctions on defendants in the form of Olmos' attorney's fees and costs incurred in bringing the motion to compel. For the reasons that follow, the court grants the motion to compel and the request for sanctions.

I

The court assumes the parties' familiarity with its prior memorandum opinions and orders in this case, *see Olmos v. David B. Giles P.C.*, 2022 WL 2104506, at *1 (N.D. Tex. June 9, 2022) (Fitzwater, J.); *Olmos v. David B. Giles P.C.*, 2022 WL 1289556, at *1 (N.D.

Tex. Apr. 28, 2022) (Fitzwater, J.), and recounts the facts and procedural history only as necessary to understand this decision.

In May 2022 defendants served their responses to Olmos' interrogatories and requests for production ("RFPs").  In their responses, defendants objected on the basis of attorney-client privilege and/or the work-product doctrine[1] to several interrogatories and RFPs containing communications with their client, Robert Shambora ("Shambora").  On June 1, 2022 defendants served Olmos with their privilege log, which lists the documents that defendants are withholding on the basis of attorney-client privilege and/or the work-product doctrine.  Giles also refused, at the direction of his counsel, to answer several questions during his June 29, 2022 deposition on the basis of attorney-client privilege.

Olmos now moves to compel defendants to produce the documents listed in their privilege log and to compel Giles to answer the relevant deposition questions.  She contends, *inter alia*, that defendants are wrongfully withholding these documents and answers as privileged when they have not met their burden of demonstrating the existence of an attorney-client relationship between themselves and Shambora.  Defendants oppose the motion, which the court is deciding on the briefs.

---

[1]Although defendants mention the work-product doctrine in their objections, they do not argue in their response brief that any of their withheld documents or answers are protected by the work-product doctrine.  The court therefore focuses its analysis on whether these documents or answers are protected by attorney-client privilege.  *See Curtis v. Metro. Life Ins. Co.*, 2016 WL 687164, at *2 (N.D. Tex. Feb. 19, 2016) (Horan, J.) ("[A] party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection.").

II

Under Rule 26(b)(1), "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  And, under Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" when a deponent fails to answer a question or the party from whom discovery is sought fails to produce requested documents or respond to an interrogatory.

Under Texas law,[2] the elements of the attorney-client privilege are: "(1) a confidential communication; (2) made for the purpose of facilitating the rendition of professional legal services; (3) between or amongst the client, lawyer, and their representatives; and (4) the privilege has not been waived."  *Curlee v. United Parcel Serv., Inc. (Ohio)*, 2014 WL 4262036, at *4 (N.D. Tex. Aug. 29, 2014) (Horan, J.).  "The burden is on the party asserting the privilege to demonstrate how each document or communication satisfies these elements." *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004) (Kaplan, J.). "A general allegation of privilege is insufficient to meet this burden." *Id.* at 473.  Instead, defendants "must provide sufficient facts by way of detailed affidavits or other evidence to enable the Court to determine whether the privilege exists . . . as to a specific document or

---

[2]Fed. R. Evid. 501 provides that, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  The parties appear to agree that Texas law governs defendants' claim of privilege in this case.

communication." *Celanese Corp. v. Clariant Corp.*, 2015 WL 9269415, at *1 (N.D. Tex. Dec. 21, 2015) (Horan, J.).

"Although a privilege log and an *in camera* review of documents may assist the court in conducting its analysis, a party asserting the privilege still must provide 'a detailed description of the materials in dispute and state specific and precise reasons for their claim of protection from disclosure.'" *S.E.C. v. Microtune, Inc.*, 258 F.R.D. 310, 315 (N.D. Tex. 2009) (Kaplan, J.) (quoting *Navigant Consulting*, 220 F.R.D. at 473-74). "In fact, 'resort to *in camera* review is appropriate only *after* the burdened party has submitted detailed affidavits and other evidence to the extent possible.'" *Id.* (emphasis in original) (quoting *Navigant Consulting*, 220 F.R.D. at 474).

III

Olmos contends that defendants must produce the withheld documents and answer the relevant deposition questions because they have failed to demonstrate that an attorney-client relationship exists between themselves and Shambora or that the withheld information is protected by attorney-client privilege. Defendants respond that Shambora, as their client, owns the attorney-client privilege and therefore they cannot waive it without his consent. In her reply brief, Olmos agrees that the right to waive attorney-client privilege belongs to the client, but maintains that defendants have not met their burden of demonstrating that an attorney-client relationship exists or that the relevant documents and answers contain privileged information.

The court agrees with Olmos that defendants have failed to meet their burden of

demonstrating that the attorney-client privilege exempts the withheld information from discovery. Defendants' sole contention is that they should not be required to produce the documents or answer the deposition questions because only Shambora can waive attorney-client privilege. But this argument misapprehends the issue. Although the client owns the attorney-client privilege, it is still the burden of defendants'—as the parties asserting the privilege as an exemption to entitlement to discovery—to prove that an attorney-client relationship existed between themselves and Shambora and that the privilege applied to each withheld document or answer. *See, e.g.*, *Curlee*, 2014 WL 4262036, at *4; *Navigant Consulting*, 220 F.R.D. at 473-74. And defendants have not met this burden.

Defendants rely solely on their engagement letter with Shambora to demonstrate the existence of an attorney-client relationship. But this letter does not establish that defendants were retained to provide legal services to Shambora; rather, it defines the scope of defendants' relationship with Shambora as relating only to the "receipt into our Firm Trust Account certain payment to be paid to [Shambora] and/or [his] Affiliates." Ds. App. (ECF No. 41) at 1. This is consistent with Giles' deposition testimony, in which he testified that Shambora only retained him to act as an escrow agent. *See* P. App. (ECF No. 27-1) at 37 ("Q. Okay. And what is your understanding of what that was going to be? A. That I was going to receive certain funds into my IOLTA account that need — would need to be distributed pursuant to Mr. Shambora's written directions. Q. Okay. Anything else? A. No."); and *id.* at 38 ("Q. Okay. And your role was basically to represent Mr. Shambora in the holding of those funds and the disbursement of those funds? A. Correct. Q. Okay.

- 5 -

Nothing else?  A.  Not that I'm aware of.").  Thus based on the limited record currently before the court,[3] the court concludes that defendants have not met their burden of demonstrating that they represented Shambora in a legal capacity, such that the attorney-client privilege applies to their communications.  *See Harlandale Indep. Sch. Dist. v. Cornyn*, 25 S.W.3d 328, 332 (Tex. App. 2000, pet. denied) ("Attorney-client privilege therefore does not apply to communications between a client and an attorney where the attorney is employed in a non-legal capacity, for instance as an accountant, escrow agency, negotiator, or notary public.").

Moreover, even assuming *arguendo* that defendants represented Shambora in a legal capacity, defendants have adduced no evidence and make no argument regarding the applicability of the attorney-client privilege to the specific withheld documents or answers. They have therefore failed to "provide sufficient facts by way of detailed affidavits or other evidence to enable the Court to determine whether the privilege exists" as to any of the specific documents or answers at issue.  *Celanese Corp.*, 2015 WL 9269415, at *1; *see also Lanelogic, Inc. v. Great Am. Spirit Ins. Co.*, 2010 WL 1839294, at *3 (N.D. Tex. May 6, 2010) (Kaplan, J.) (holding that defendants failed to adduce sufficient evidence to establish their claim of privilege where they produced only a privilege log and an affidavit stating that

---

[3]The court makes this determination solely in the context of the instant motion to compel.  The holding in this memorandum opinion and order does not preclude the parties from making arguments or adducing additional evidence regarding the existence of an attorney-client relationship between defendants and Shambora in other contexts, such as on motion for summary judgment.

the documents were related to the rendition of professional legal services); *Serv. Lloyds Ins. Co. v. N. Am. Risk Srvcs, Inc.*, 2021 WL 148054, at *3 (W.D. Tex. Jan. 15, 2021) (holding that conclusory descriptions in privilege log were insufficient to establish that communications were protected by attorney-client privilege). Because defendants have failed to meet their burden, the court grants Olmos' motion to compel. Within 14 days of the date of this memorandum opinion and order defendants must produce the withheld documents and must agree to provide answers to Olmos at a re-convened deposition.

IV

Olmos also moves for sanctions in the form of her attorney's fees and costs associated with the preparation of her motion to compel.

Under Rule 37(a)(5)(A), if a motion to compel is granted,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Because the court is granting Olmos' motion to compel and has determined that none of the exceptions listed in Rule 37(a)(5)(A) applies in this case, the court grants Olmos her reasonable expenses, including attorney's fees, associated with this motion to compel. Within 28 days of the date the re-convened deposition is completed, the parties must confer

- 7 -

and attempt to agree on the amount of reasonable attorney's fees and costs to be awarded to Olmos.  If the parties cannot reach agreement, Olmos may file a motion for such reasonable attorney's fees and costs.  And if the court grants Olmos relief that is greater than what she seeks in the meet and confer process, the court may award her additional reasonable attorney's fees and costs incurred in filing her motion for attorney's fees and costs.

*    *    *

For the reasons explained, the court grants Olmos' motion to compel and grants her request for reasonable for attorney's fees and costs.

**SO ORDERED**.

August 17, 2022.

SIDNEY A. FITZWATER
SENIOR JUDGE