IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESTELA GUADALUPE CARDENAS OLMOS, § § § | |
| Plaintiff, § § | |
| VS. § | Civil Action No. 3:22-CV-0077-D |
| § | |
| DAVID B. GILES P.C. and DAVID B. GILES, JR., § § § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Estela Guadalupe Cardenas Olmos ("Olmos") moves for substitute service of a subpoena on a non-party witness. For the following reasons, the court denies the motion.[1]

Olmos requests substitute service of a subpoena on a non-party witness. She states that, although she has made numerous attempts to serve the subpoena on the witness, these attempts have been unsuccessful because the witness has either not been home or has avoided process.[2]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] Olmos requests permission to serve the subpoena by leaving a copy with anyone over 18 years of age at the witness' address; texting a copy to the witness' cell phone number; sending a copy to the witness' email address; posting a copy on the door of the witness'

Fed. R. Civ. P. 45(b)(1) states that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."  Rule 45 contains no provision permitting substitute service.  "The Fifth Circuit interprets Rule 45(b)(1) to require personal delivery."  *Schumacher v. Cap. Advance Sols., LLC*, 2021 WL 391416, at *1 (S.D. Tex. Feb. 4, 2021); *see also Lexington Ins. Co. v. Harvia Oy*, 2013 WL 12330197, at *1 (N.D. Tex. Nov. 14, 2013) (O'Connor, J.) (collecting cases).  "The fact that [the witness] has made the required personal service 'difficult to accomplish' does not grant the district court the authority to waive the requirements of Rule 45(b)."  *Lexington Ins. Co.*, 2013 WL 12330197, at *1 (quoting *Boze Mem'l, Inc. v. Travelers Lloyds Ins. Co.*, 2013 WL 5299278, at *4 (N.D. Tex. Sept. 20, 2013) (Horan, J.)).  It therefore follows that Olmos' motion must be denied.

\* \* \*

For the reasons stated, the court denies Olmos's August 30, 2022 verified unopposed motion for substitute service of discovery subpoena.

**SO ORDERED**.

August 30, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

address; or mailing a copy to the witness' address via certified mail, return receipt requested.